**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

GARY ANTHONY ABERNATHY,

    Plaintiff,

v.

STEVEN D. PEPE,

    Defendant.
                                 /

CASE NO. 08-CV-10440

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Gary Anthony Abernathy is a pretrial detainee whose criminal trial on federal bank robbery charges is scheduled to commence on June 17, 2008, before U.S. District Judge Victoria Roberts (criminal case number 08-cr-20103). On January 31, 2008, Abernathy filed this *pro se* prisoner civil rights action against U.S. Magistrate Judge Steven D. Pepe, who presided over Abernathy's initial appearance in the criminal case, which occurred on September 12, 2007. Abernathy alleges in his civil rights complaint brought pursuant to 42 U.S.C. § 1983 that he was held in custody from September 11, 2007, to January 24, 2008, "without being charged with a crime," and seeks damages for each day he was held illegally. (Compl. at 4.)

On February 22, 2008, Abernathy's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned magistrate judge for pretrial proceedings on April 7, 2008. (Dkt. 5.) After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I find that the case is ready for report and recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, the Court's ruling did not alter the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007). When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

## C. Discussion

I recommend that Abernathy's civil rights complaint be *sua sponte* dismissed because Defendant Magistrate Judge Pepe is immune from suit for money damages. Under the doctrine of judicial immunity, judges are generally immune from suits seeking money damages based on their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Kipen v. Lawson*, 57 Fed. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1977). The doctrine is justified "by a long settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This principle of independent decision-making is so important to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

In this case, Magistrate Judge Pepe's actions were taken within his judicial capacity, and there is no allegation that he acted outside the scope of his jurisdiction. Accordingly, I suggest that he is absolutely immune from Plaintiff's claim and the case should be *sua sponte* dismissed with prejudice.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                  s/ *Charles E. Binder*
                                                                  CHARLES E. BINDER
Dated: April 15, 2008                            United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served on Gary Abernathy, #42004-039, c/o Wayne County Jail, 1231 St. Antoine, Detroit, MI, 48221-2300, by first class mail, and served on District Judge Ludington in the traditional manner.

Date: April 15, 2008                            By    s/Jean L. Broucek
                                                               Case Manager to Magistrate Judge Binder