UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY ANTHONY ABERNATHY,

        Plaintiff,

v.

        Case Number 08-10440-BC
        Honorable Thomas L. Ludington

STEVEN D. PEPE,

        Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE THE COMPLAINT

Magistrate Judge Charles E. Binder's report and recommendation [Dkt. # 7] is presently before the Court. On March 21, 2008, the magistrate judge recommended that the Court sua sponte dismiss Plaintiff Gary Anthony Abernathy's ("Plaintiff") complaint because it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A. On May 12, 2008, Plaintiff filed an objection to the report and recommendation. *See* 28 U.S.C. § 636(b)(1).

Plaintiff, an incarcerated pro se litigant, filed a complaint alleging violion of 42 U.S.C. § 1983 for being detained since September 11, 2007 without being charged with a crime. Plaintiff seeks "compensatory damages in the sum of $10,000 dollars (sic) a day for each day [he] was held illegally. And 175,000 dollars for each Constitutional violation and [his] release without delay." Dkt. # 1 at 5. Plaintiff named Magistrate Judge Steven D. Pepe as the sole defendant in this matter.

Judge Binder recommended that the Court sua sponte dismiss Plaintiff's complaint with prejudice. Dkt. # 7 at 1. In concluding so, Judge Binder reasoned that Judge Pepe is entitled to judicial immunity for his official acts. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Plaintiff's complaint did not allege that Judge Pepe engaged in any conduct outside the scope of his duties.

Plaintiff's objection raised several assignments of error. Each is unconvincing. First, Plaintiff contends his "complaint is not brought pursuant to 42 U.S.C. § 1983, it is brought pursuant to *Bivens* action. And Federal Tort Claims Act." Dkt. # 9 at 1 (citing 28 U.S.C. § 1346; 28 U.S.C. § 2671 *et seq.*) The law relied upon by Plaintiff does not change the outcome.

"*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Giesse v. Sec. of Dept. of Health and Human Serv.*, 522 F.3d 697, 708 (6th Cir. 2008) (citation omitted). "[T]he rules regarding judicial immunity do not distinguish between lawsuits brought under *Bivens* and 42 U.S.C. § 1983." *Johnson v. McCuskey*, 72 Fed. Appx. 475, 476 (7th Cir. 2002) (*citing Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n. 5 (1993)). Additionally, "the United States is the only proper defendant in an action under the Federal Tort Claims Act ("FTCA")." *Springer v. Supreme Court of the United States*, 2004 WL 2348134, *1 (C.A.D.C. 2004) (holding that an FTCA claim asserted against a judicial officer is barred by judicial immunity) (*citing Stump v. Sparkman*, 435 U.S. 349, 356 (1078))

Here, Plaintiff named Judge Pepe as a defendant, not the United States. Thus, Plaintiff has not demonstrated that judicial immunity does not bar his claims, whether brought pursuant to *Bivens*, 42 U.S.C. § 1983, or the FTCA. Plaintiff suggests that he requires additional time to further research whether judicial immunity applies in this instance. In light of the clear nature of the law in this area, additional time is not warranted.

Next, Plaintiff asserts violations of the Speedy Trial Act, 18 U.S.C. § 3161, and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. U.S. CONST. amend V, VI,

XIV. These additional violations notwithstanding, Plaintiff does not provide any basis that judicial immunity is not applicable. Plaintiff relies on *United States v. Doran*, 882 F.2d 1511, 1517 (10th Cir. 1989). *Doran* addressed computation of time under the Speedy Trial Act, prosecutorial vindictiveness, and unrelated evidentiary issues. *Id.* *Doran* does not provide a basis to find that Judge Pepe is not entitled to judicial immunity.

Plaintiff presents two objections that merit some attention. First, Plaintiff asserts that the report and recommendation was mailed to the wrong address. Previously, two orders sent to Plaintiff were returned as undeliverable. Dkt. # 4 & 8. The Court attempted to serve the two orders on Plaintiff at his previous address at the Federal Correctional Institution in Milan, Michigan. On April 11, 2008, Plaintiff filed a notice of change of address. Dkt. # 6. According to the notice, Plaintiff's current address is at the Wayne County Jail in Detroit, Michigan. The electronic docket indicates that the Clerk served a copy of the report and recommendation on Plaintiff at that address via the United States Postal Service. Plaintiff's objection, however, contains a photocopy of the envelope sent to the Wayne County Jail. The envelope is addressed to Plaintiff at Wayne County Jail, but with a different street address than Plaintiff's address of record.[1] It appears that this was as a result of clerical error. Nevertheless, Plaintiff was served with a copy of the report and recommendation, which is demonstrated by the fact that he filed the objection. Despite being filed outside the ten day response period, the Court has substantively considered his objection. Thus, Plaintiff has not been prejudiced.

Second, Plaintiff contends that "all defendant's (sic) [P]laintiff named in original complaint

---

[1] The address of record is Wayne County Jail - Division 2, 525 Clinton Street, Detroit, MI 48226. *See* dkt. # 6. It appears that the report and recommendation was sent to Wayne County Jail, 1231 Sr. Antoine, Detroit, MI 48221-2300. *See* dkt. # 9 at 3.

filed. Are (sic) not mentioned in [the C]ourt's copy of the complaint. [A]ddictional (sic) defendant's (sic) were named on a separate piece of 8 ½ x 11 paper." Dkt. # 9. Upon review, the complaint only names Judge Pepe as a defendant. There is no indication, whatsoever, that Plaintiff's complaint intended to name other Defendants. Nor has Plaintiff suggested additional defendants in the instant objection that may merit a basis for amendment or joinder. Ultimately, Plaintiff's complaint is barred by judicial immunity. Thus, the Court will dismiss the complaint with prejudice,

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt. # 57 is **ADOPTED**.

It is further **ORDERED** that Plaintiffs' complaint [Dkt. # 1] is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 30, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 30, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS